UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-03572-DOC (SK) | Date | April 27, 2020 |
| Title | Clarence Warren v. J. Gastelo et al. | | |

Present: The Honorable   Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff is a California state prisoner seeking to proceed in forma pauperis with a complaint under 42 U.S.C. § 1983 against the California Men's Colony ("CMC") warden and chief deputy warden, as well as a CMC correctional captain, sergeant, and officer. (ECF 1 at 2). Plaintiff alleges that sergeant D. Bowman created a hostile living environment in violation of the Eighth Amendment when he announced to the inmates in Plaintiff's housing block that Plaintiff wanted the dorm officer to do more searches and "bust" more people. (*Id.* at 3). As a result, Plaintiff alleges that 19 inmates in his housing block physically assaulted him that day. (*Id.* at 4, 13). But there are two procedural problems with Plaintiff's application and complaint.

First, Plaintiff failed to include a certified copy of his trust account statement for the last six months. *See* 28 U.S.C. § 1915(a)(2) (2018); L.R. 5-2. Without that certified statement, Plaintiff cannot proceed with his complaint unless he first pays the full amount of the filing fee. Second, even if Plaintiff fixes this filing deficiency, relief is unavailable if Plaintiff's claims are untimely. *See* 28 U.S.C. § 1915A(b)(1); Fed. R. Civ. P. 12(b)(6). The events Plaintiff complains of occurred in March 2016. (ECF 1 at 3, 4-5). So Plaintiff had to bring any claims alleging constitutional violations based on these events within two years. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). But Plaintiff did not file this action until April 2020, more than four years after the March 2016 events alleged in the complaint.

For these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **May 27, 2020** why his in forma pauperis application should not be denied and his complaint dismissed. If Plaintiff wishes to proceed with this action, he must first file a complete form CV-60P (attached here) that includes <u>a certified copy of his trust account statement for the last six months</u> or pay the full amount of the required filing fee. Even then, Plaintiff must also file a response to this order explaining why it is wrong about the statute of limitations. Plaintiff is advised that prisoner complaints dismissed for failure to state a claim, including for untimeliness, count as "strikes" against the lifetime number of complaints that prisoners may file without prepayment of filing fees. *See* 28 U.S.C. § 1915(g). Voluntarily dismissed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-03572-DOC (SK) | Date | April 27, 2020 |
|---|---|---|---|
| Title | Clarence Warren v. J. Gastelo et al. | | |

complaints, however, do not count as strikes. So if he cannot cure the deficiencies outlined in this order, Plaintiff may alternatively file a notice of voluntary dismissal using the attached form CV-09.

**In any case, failure to file a voluntary dismissal or a timely response to this order may result in involuntary dismissal of this action for failure to prosecute.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**